Filed 10/9/13  Hall v. Deutsche Bank National Trust CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GARY N. HALL, | B244069 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GC044196) |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph F. De Vanon, Judge.  Affirmed.

Plotkin Marutani & Kaufman and Jay J. Plotkin for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Andrew E. Miller, Sarina Saluja and Kenyon D. Harbison for Defendant and Respondent.

_____

Gary Hall sued Deutsche Bank after a nonjudicial foreclosure on his property, contending that the foreclosure sale was invalid because it was based on an incorrect notice of default. Deutsche Bank obtained summary judgment, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Hall obtained a residential loan in 2007. He became delinquent in paying the property taxes in 2008, and IndyMac Federal Bank paid the taxes in October 2008. IndyMac created an escrow account relating to the unpaid taxes and increased Hall's monthly payment amount.

Hall stopped making payments on the loan in December 2008. A notice of default and election to sell was recorded against the property in March 2009. Hall did not offer to tender the principal loan balance. The notice of trustee's sale was recorded in July 2009. Deutsche Bank purchased the property at the trustee's sale in August 2009.

Hall sued Deutsche Bank and others for a violation of Civil Code section 2924, wrongful foreclosure, quiet title, forcible entry, and trespass. Deutsche Bank obtained summary judgment in its favor. Hall appeals.

## DISCUSSION

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc.,[1] § 437c, subd. (c).) We review the trial court's ruling granting summary judgment de novo, considering all evidence presented by the parties in connection with the motion (except that which the trial court properly excluded) and the uncontradicted inferences that the evidence reasonably supports. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

2

"A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.' [Citations.] This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity. . . . It is the burden of the party challenging the trustee's sale to prove such irregularity and thereby overcome the presumption of the sale's regularity. [Citation.]" (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1258.) A plaintiff in a wrongful foreclosure suit must demonstrate that the alleged imperfection in the foreclosure process was prejudicial to his or her interests. Prejudice is not presumed from irregularities in the process. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 (*Fontenot*) ["a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests"].)

Here, Hall's challenge to the foreclosure sale is founded on the contention that there was an irregularity in the sale procedure, specifically that the notice of default stated an improper amount because the bank improperly added the amount it paid in delinquent property taxes to his monthly obligation. Even if Hall is correct that the notice of default stated an inaccurate amount, a contention that is in dispute, it is undisputed that Hall defaulted. Hall admits that as of the March 2009 notice of default he was in default because he had failed to pay the property taxes on his condominium. He acknowledges that his failure to pay his real estate taxes properly subjected him to foreclosure proceedings. He had failed to make any payments on the loan since November 2008. Hall had sought a loan modification in March 2009, and submitted a letter in conjunction with that application in which he stated, "[M]y circumstances have changed over the last 12 months, which have resulted in me becoming unable to continue to pay my mortgage." While Hall contends that he was prejudiced by the error he claims in the notice of default because "it required him to cure an amount he did not owe in order to avoid the foreclosure sale," he did not submit evidence that he had funds available to pay the

3

amounts he concedes he did owe.[2]  In light of his default, Hall cannot show any prejudice from this claimed procedural irregularity.  (*Fontenot*, *supra*, 198 Cal.App.4th at p. 272.)  Accordingly, the trial court properly summarily adjudicated the causes of action for wrongful foreclosure and a violation of Civil Code section 2924.  The causes of action to quiet title, for trespass, and for forcible entry fail as a result because they are predicated on Hall's claim of an improper foreclosure.

Hall argues that the viability of his claims turns on the applicability of the tender rule and that the tender rule did not apply here.  In light of Hall's admission of default on the undisputed amounts, our conclusion that Hall cannot demonstrate any prejudice from asserted irregularities in the foreclosure sale makes it unnecessary to address this contention.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.


ZELON, J.

We concur:


WOODS, Acting P. J.                    SEGAL, J.[*]

---

[2]     Hall stated in a declaration that he was "willing and able to reimburse Indy[M]ac for the property taxes which it had advanced prior to October 2008."  It appears that Deutsche Bank objected to this paragraph of the declaration, as the objection is described in Deutsche Bank's response to Hall's responsive separate statement in opposition to the motion for summary judgment, and Hall confirms that Deutsche Bank filed evidentiary objections; however, the actual objections were not provided in the record on appeal. Deutsche Bank's evidentiary objections were sustained in their entirety, and Hall does not appeal those rulings, instead stating that "[t]his appeal does not rely on the portions of Appellant's declaration struck by the trial court."  Even considering this portion of the declaration, the language pertains only to the property taxes and not to the unpaid loan principal and interest.

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.